**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CLARUS THERAPEUTICS HOLDINGS, INC., *et al.*,<br><br>Debtor. | Chapter 11<br><br>Case No. 22-10845 (MFW)<br><br>(Jointly Administered) |
| GAVIN/SOLOMONESE LLC, in its capacity as Plan Administrator under the Creditor Trust Agreement,<br><br>Plaintiff,<br><br>v.<br><br>BLUE WATER SPONSOR, LLC, Y. JOSEPH HERNANDEZ, KIMBERLY MURPHY, JAMES SAPIRSTEIN, MICHAEL LERNER, YVONNE MCBURNEY, ELLENOFF GROSSMAN & SCHOLE, LLP, and MAXIM GROUP, LLC,<br><br>Defendants. | Adv. Pro. No. 24-50125 (MFW) |
| ELLENOFF GROSSMAN & SCHOLE, LLP,<br><br>Defendant/Third-Party Plaintiff,<br><br>v.<br><br>Y. JOSEPH HERNANDEZ, KIMBERLY MURPHY, JAMES SAPIRSTEIN, MICHAEL LERNER AND YVONNE MCBURNEY,<br><br>Third-Party Defendants,<br><br>and<br><br>BLUE WATER SPONSOR, LLC,<br><br>Cross-Claim Defendant. | |



87336725;1

## THIRD-PARTY COMPLAINT AND CROSSCLAIM

Defendant/Third-Party Plaintiff Ellenoff Grossman & Schole, LLP (the "Third-Party Plaintiff" or "EGS"), by and through undersigned counsel, for their complaint against third-party defendants Y. Joseph Hernandez ("Hernandez"), Kimberly Murphy ("Murphy"), James Sapirstein ("Sapirstein"), Michael Lerner ("Lerner") and Yvonne McBurney ("McBurney,") and together with Hernandez, Murphy, Sapirstein and Lerner, the "Third-Party Defendants"), respectfully alleges, based on personal knowledge and otherwise upon information and belief, as follows:

## INTRODUCTION

1. By this action, Third-Party Plaintiff asserts that Third-Party Defendants are joint tortfeasors and are liable to EGS under the Delaware Uniform Contribution Among Tortfeasors Act, 10 *Del C.* § 6301, et seq. EGS denies any liability to Plaintiff. However, in the event EGS bears any liability to the Plaintiff, it respectfully requests that the Court make determinations of the relative degrees of fault of the Third-Party Defendants, and reduce any damages that are recoverable against EGS to the extent of the pro-rata share of the Third-Party Defendants based on their relative degree of fault.

2. The Third-Party Complaint set forth below is a non-core proceeding.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 and 1334 and the Standing Order of the United States District Court for the District of Delaware (the "District of Delaware") referring to the Bankruptcy Judges of the District of Delaware all cases and proceedings arising under and related to title 11 of the United States Code (the "Bankruptcy Code").

4. This Court has concurrent jurisdiction over non-core proceedings under 28 U.S.C. § 1334(b) because the causes of action have a close nexus to the Debtors' Chapter 11 plan and the proceeding will have a significant effect on implementation of the Plan.

5. Third-Party Plaintiff does not consent to the entry of final orders or judgments by the Bankruptcy Court. To the extent this Court determines that these claims constitute non-core proceedings, Third-Party Plaintiff respectfully requests that the Court submit proposed findings of fact and conclusions of law to the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 157(c)(1).

6. This Court has personal jurisdiction over the Third-Party Defendants under Rule 7004(f) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") because they are domiciled in the United States.

7. Venue in the District of Delaware is proper under 28 U.S.C. §§ 1408 and 1409 because this adversary proceeding arises under and/or is related to cases commenced under the Bankruptcy Code.

## THE PARTIES

8. Third-Party Plaintiff EGS is a New York limited liability partnership law firm with its principal place of business at 1345 Avenue of The Americas, New York, New York, 10105.

9. Third-Party Defendant Hernandez is an individual and the former managing member of Blue Water Sponsor, LLC ("Sponsor") and former CEO and Chairman of Blue Water Acquisition Corporation's ("Blue Water") Board of Directors. Upon information and belief, Hernandez has a residential address of 225 Cherry Street, Apartment 65 C, New York, New York 10002.

10. Third-Party Defendant Murphy is an individual and a former director of Blue Water and a former member of Sponsor. Upon information and belief, Murphy has a residential address at 520 Carpenter Lane, Apt. 1F, Philadelphia, Pennsylvania, 19119.

11. Third-Party Defendant Sapirstein is an individual and a former director of Blue Water and a former member of Sponsor. Upon information and belief, Sapirstein has a residential address at 5310 Boca Marina Circle, N. Boca Raton, Florida, 33487.

12. Third-Party Defendant Lerner is an individual and a former director of Blue Water and a former member of Sponsor. Upon information and belief, Lerner has a residential address at 5 Woodhill Road, Tenafly, New Jersey, 07670.

13. Third-Party Defendant McBurney is an individual and a former director of Blue Water and a former member of Sponsor. Upon information and belief, McBurney has a residential address at 1372 Calle Luchetti, Apt. 300 San Juan, Puerto Rico 00907.

## FACTUAL ALLEGATIONS

14. On January 15, 2025, plaintiff GAVIN/SOLOMONESE LLC, in its capacity as Plan Administrator under the Creditor Trust Agreement (the "Plaintiff") filed its First Amended Complaint [A.D.I. 53] (the "Amended Complaint"), asserting (i) breaches of fiduciary duty against defendants Sponsor, Hernandez, Murphy, Sapirstein, Lerner, and McBurney and (ii) aiding and abetting breach of fiduciary duty against EGS and Maxim Group, LLC ("Maxim").

15. This matter arises from a merger agreement (the "Business Combination") entered into between Blue Water and Clarus Therapeutics, Inc. ("Clarus").

16. Plaintiff alleged that the Third-Party Defendants breached their fiduciary duties to Blue Water in connection with the Business Combination.

17. Plaintiff further alleges that EGS aided and abetted the Third-Party Defendants' breach of fiduciary duties in connection with the Business Combination.

18. Plaintiff alleged that the Third-Party Defendants were conflicted in regard to the Business Combination because they each had a material personal financial interest in closing the Business Combination that diverged from the best interests of the company by holding an interest in Sponsor.

19. Plaintiff also alleged that Murphy, Sapirstein, Lerner, and McBurney were not independent of Hernandez.

20. Plaintiff also alleged that, despite this conflict, the Third-Party Defendants failed to appoint an independent board committee to review and vote on the Business Combination or engage a neutral third party to provide a formal valuation or fairness determination.

21. Plaintiff alleged that the process of fixing a price in connection with the Business Combination was unfair. Plaintiff also alleged that Blue Water's investment of approximately $24 million in Clarus was unfair for Blue Water because Clarus had never been profitable, had significant debt, and was on the brink of bankruptcy.

22. Plaintiff further alleged that the Third-Party Defendants breached their duty of candor by issuing a false and misleading proxy statement in connection with the Business Combination.

23. More specifically, Plaintiff alleged that the third-party defendants provided false and misleading information contained in the Proxy Statement regarding the Third-Party Defendants' ownership in Sponsor.

24. Plaintiff alleged that Blue Water was damaged by the Third-Party Defendants' breaches.

25. Third-Party Defendants were former Defendants in this action. EGS asserted crossclaims against the Third-Party Defendants.

26. The Third-Party Defendants have since been dismissed from the case pursuant to a settlement agreement between the Third-Party Defendants. EGS is not a party to the settlement and did not consent to the dismissal of the Third-Party Defendants.

27. Plaintiff moved to strike EGS's crossclaims and EGS opposed that motion.

28. No decision has been issued to date on Plaintiff's motion to strike EGS's crossclaims.

29. To obviate the arguments advanced by Plaintiff's motion to strike, EGS voluntarily dismissed its crossclaims against the Third-Party Defendants without prejudice.

30. This Third-Party Complaint replaces EGS's crossclaims.

31. Without admitting any of the allegations of the Amended Complaint, EGS refers to, and incorporates in this Third-Party Complaint by reference, the Amended Complaint.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Against all Third-Party Defendants for Contribution and Determination of Fault)

32. Third-Party Plaintiff repeats and realleges each and every allegation stated in the previous paragraphs as though fully set forth herein.

33. Plaintiff alleges that EGS aided and abetted the Third-Party Defendants' alleges breaches of fiduciary duties. The Third-Party Defendants were obligated to perform an appraisal of the target and set a price that was fair. EGS was not responsible for, and not obligated to, appraise the target and breached no duties to its clients or others.

34. EGS denies all claims made by Plaintiff and denies all liability to Plaintiff.

35. In the event, however, that any liability is assessed against EGS for any of the claims asserted in this action, EGS asserts as a third-party claim that the Third-Party Defendants

are joint tortfeasors and are liable to EGS for all or part of the claims asserted against them in this action.

36. Without admitting any of the allegations asserted or that may be asserted in the future by Plaintiff, EGS alleges that any harm caused to Plaintiff was caused by the Third-Party Defendants' breach of fiduciary duty in connection with the Business Combination.

37. EGS therefore seeks contribution under the Delaware Uniform Contribution Among Tortfeasors Act, 10 *Del C.* § 6301, et seq., and requests that the Court determine the relative degrees of fault, if any, as between EGS and the Third-Party Defendants, and reduce any damages recoverable against EGS to the extent of the pro rata share of the Third-Party Defendants in proportion to their relative degree of fault, if any.

## RESERVATION OF RIGHTS

Third-Party Plaintiff expressly reserves the right to amend, modify, and/or supplement the foregoing causes of action and to bring any additional causes of action it may have standing to assert against Third-Party Defendants, including, without limitation, causes of action arising out of the same transactions or events described herein and that either discovery in this action.

## PRAYER FOR RELIEF

**WHEREFORE,** Third-Party Plaintiff respectfully requests that the Court enter judgment against the Third-Party Defendants and grant the following relief:

a) In the event the Court grants judgment on any part of Plaintiff's claims, it should reduce the proportionate share of Third-Party Plaintiff's liability, if any, and assess damages against Third-Party Defendants jointly and severally for their proportionate share of Plaintiff's alleged damages, if any;

b) In the event the Court adjudges EGS liable in any amount to Plaintiff, it should allocate the relative degrees of fault, if any, as between EGS and Third-Party Defendants and reduce the damages recoverable against EGS in proportion to the allocation of their respective degrees of fault; and

c) Granting such other and further relief as this Court deems just and proper.

**CROSSCLAIM AGAINST BLUE WATER SPONSOR, LLC**

Defendant/Third-Party Plaintiff Ellenoff Grossman & Schole, LLP (the "Cross-Claimant" or "EGS"), by and through undersigned counsel, for their crossclaim against Blue Water Sponsor, LLC ("Sponsor" or "Crossclaim-Defendant"), respectfully alleges, based on personal knowledge and otherwise upon information and belief, as follows:

1. By this action, Cross-Claimant asserts the Cross-Defendant is a joint tortfeasor and is liable to EGS under the Delaware Uniform Contribution Among Tortfeasors Act, 10 *Del C.* § 6301, et seq., and respectfully requests that the Court determine liability based on the relative degree of fault, if any, as between EGS and the Crossclaim-Defendant, and reduce any damages that are recoverable against EGS to the extent of the pro-rata share of the Cross-Defendant based on relative degree of fault.

2. The Crossclaim set forth below is a non-core proceeding.

**JURISDICTION AND VENUE**

3. The Court has subject matter jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 and 1334 and the Standing Order of the United States District Court for the District of Del-aware (the "District of Delaware") referring to the Bankruptcy Judges of the District of Delaware all cases and proceedings arising under and related to title 11 of the United States Code (the "Bankruptcy Code").

4. This Court has concurrent jurisdiction over non-core proceedings under 28 U.S.C. § 1334(b) because the causes of action have a close nexus to the Debtors' Chapter 11 plan and the proceeding will have a significant effect on implementation of the Plan.

5. Cross-Claimant does not consent to the entry of final orders or judgments by the Bankruptcy Court. To the extent this Court determines that these claims constitute non-core

proceedings, Cross-Claimant respectfully requests that the Court submit proposed findings of fact and conclusions of law to the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 157(c)(1). This Court has personal jurisdiction over the Crossclaim-Defendant under Rule 7004(f) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") because it is domiciled in the United States.

6. Venue in the District of Delaware is proper under 28 U.S.C. §§ 1408 and 1409 because this adversary proceeding arises under and/or is related to cases commenced under the Bankruptcy Code.

## THE PARTIES

7. Cross-Claimant EGS is a New York limited liability partnership law firm with its principal place of business at 1345 Avenue of The Americas, New York, New York, 10105. Crossclaim-Defendant Blue Water Sponsor, LLC was a Delaware limited liability company that served as Blue Water Acquisition Corporation's ("Blue Water") sponsor. Sponsor's managing member was Y. Joseph Hernandez ("Hernandez"), and Hernandez, Kimberly Murphy ("Murphy"), James Sapirstein ("Sapirstein"), Michael Lerner ("Lerner"), Yvonne McBurney ("McBurney" and together with Hernandez, Murphy, Sapirstein, Lerner, and McBurney the "Directors") all held ownership interests in Sponsor.

## FACTUAL ALLEGATIONS

8. On January 15, 2025, plaintiff GAVIN/SOLOMONESE LLC, in its capacity as Plan Administrator under the Creditor Trust Agreement (the "Plaintiff") filed its First Amended Complaint [A.D.I. 53] (the "Amended Complaint"), asserting (i) breaches of fiduciary duty against defendants Sponsor and the defendant Directors and (ii) aiding and abetting breach of fiduciary duty against EGS and Maxim Group, LLC ("Maxim").

9. This matter arises from a merger agreement (the "Business Combination") entered into between Blue Water and Clarus Therapeutics, Inc. ("Clarus").

10. Plaintiff alleges that Sponsor was controlling shareholder of Blue Water.

11. Plaintiff alleges that Sponsor acted through its managing member, Hernandez.

12. Plaintiff alleges that Sponsor breached its duties of loyalty and care to Blue Water. Plaintiff alleges that Sponsor had a conflicting interest that was different than the other shareholders of Blue Water because the founder shares and private placement units belonging to Sponsor would be worthless if a business combination was not entered into.

13. Plaintiff alleges that Sponsor exerted unfair influence through its managing member Hernandez. Plaintiff further alleges that the Sponsor exerted unfair influence by exerting control over the Blue Water board of director's decision making process by granting each director an ownership interest that would incentivize them to vote as the Sponsor desired. Plaintiff further alleges that material misstatements in the proxy statement issued in connection with the Business Combination prevented the stockholder vote from being an adequate check on the actions of Sponsor and the board of directors of Blue Water.

14. Plaintiff alleges that the process of fixing a price in connection with the Business Combination was unfair in light of various concerns regarding the financial condition of the acquired company. .

15. Plaintiff alleges that Blue Water was damaged by Sponsor's breaches.

16. Without admitting any of the allegations of the Amended Complaint, EGS refers to, and incorporates in this Third-Party Complaint by reference, the Amended Complaint.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### (Against Cross-Defendant for Contribution and Determination of Fault)

17. Cross-Claimant repeats and realleges each and every allegation stated in the previous paragraphs as though fully set forth herein.

18. Plaintiff alleges that EGS aided and abetted the Crossclaim-Defendants' alleged breaches of fiduciary duties.

19. EGS denies all claims made by Plaintiff and denies all liability to Plaintiff.

20. In the event, however, that any liability is assessed against EGS for any of the claims asserted in this action, EGS asserts as cross-claim that the Crossclaim-Defendant is a joint tortfeasor and is liable to EGS for all or part of the claims asserted against it in this action.

21. Without admitting any of the allegations asserted or that may be asserted in the future by Plaintiff, EGS alleges that any harm caused to Plaintiff was caused by the Crossclaim-Defendant's breach of fiduciary duty in connection with the Business Combination.

22. EGS therefore seeks contribution under the Delaware Uniform Contribution Among Tortfeasors Act, 10 *Del C.* § 6301, et seq., and requests that the Court determine the relative degrees of fault, if any, as between EGS and the Crossclaim-Defendant, and reduce any damages recoverable against EGS to the extent of the pro rata share of the Crossclaim-Defendant in proportion to their relative degree of fault, if any.

## RESERVATION OF RIGHTS

Cross-Claimant expressly reserves the right to amend, modify, and/or supplement the foregoing causes of action and to bring any additional causes of action it may have standing to

assert against Cross-Defendant, including, without limitation, causes of action arising out of the same transactions or events described herein and that either discovery in this action.

**PRAYER FOR RELIEF**

**WHEREFORE,** Cross-Claimant respectfully requests that the Court enter judgment against the Cross-Defendant and grant the following relief:

a) In the event the Court grants judgment on any part of Plaintiff's claims, it should reduce the proportionate share of Cross-Claimant's liability, if any, and assess damages against Crossclaim-Defendant for its proportionate share of Plaintiff's alleged damages, if any;

b) In the event the Court adjudges EGS liable in any amount to Plaintiff, it should allocate the relative degrees of fault, if any, as between EGS and Crossclaim-Defendant and reduce the damages recoverable against EGS in proportion to the allocation of their relative degrees of fault; and

c) Granting such other and further relief as this Court deems just and proper

Dated: June 29, 2026

**AKERMAN LLP**

*/s/ Brian R. Lemon*
Brian R. Lemon (DE Bar No. 4730)
Lucian B. Murley (DE Bar No. 4892)
222 Delaware Avenue, Suite 1710
Wilmington, Delaware 19801
Telephone: (302) 596-9205
brian.lemon@akerman.com
luke.murley@akerman.com

-and-

Philip Touitou (Admitted *pro hac vice*)
AKERMAN LLP
1251 Avenue of the Americas, 37th Floor
New York, NY 10020
Telephone: (212) 259-8740
philip.touitou@akerman.com

*Counsel for Defendant/Third-Party Plaintiff*
*Ellenoff Grossman & Schole, LLP*